# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:12-cv-111-RJC

| | | |
|---|---|---|
| JAMES RUSSELL CORPENING, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LEWIS SMITH, Administrator, | ) | |
| Albemarle Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner James Corpening's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

## I.     BACKGROUND

Pro se Petitioner James Corpening is a prisoner of the State of North Carolina who, on or October 17, 1996, in Caldwell County Superior Court, was found guilty by a jury of first-degree murder and was sentenced to life imprisonment without parole.  Petitioner appealed and on March 17, 1998, the North Carolina Court of Appeals affirmed Petitioner's conviction.  State v. Corpening, 129 N.C. App. 60, 497 S.E.2d 303 (1998).  Petitioner thereafter filed a petition for writ of certiorari in the North Carolina Supreme Court, which motion was denied on July 8, 1998.  State v. Corpening, 348 N.C. 503, 510 S.E.2d 659 (1998).  On or about November 7, 2005, Petitioner filed a pro se motion for appropriate relief ("MAR") in Caldwell County Superior Court.  See (Doc. No. 1 at 3).  The MAR Court denied the MAR on November 23, 2009.  See (Doc. No. 1-2 at 27).  On April 19, 2010, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on May 7,

2010.  <u>See</u> (Doc. No. 1-2 at 44).

Petitioner placed the instant petition in the prison mailing system on July 31, 2012, and it was stamp-filed in this Court on August 8, 2012.  Petitioner alleges the following grounds for relief in the petition: (1) ineffective assistance of trial counsel based on counsel's failure to move for a change of venue; (2) Petitioner was deprived of his right to a fair trial because spectators in the courtroom were allowed to wear buttons with the victim's photograph; (3) ineffective assistance of counsel based on counsel's failure to discuss all possible appeal issues with Petitioner and for failure to raise all potential appellate claims; (4) and ineffective assistance of counsel during post-conviction proceedings because counsel did not file an appeal from the MAR Court's denial of the MAR.

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly.   Rule 4, 28 U.S.C.A. foll. § 2254.  When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.  <u>Id.</u>  After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III.    DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State

2

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

As noted, Petitioner was convicted on October 17, 1996, and on March 17, 1998, the North Carolina Court of Appeals affirmed Petitioner's conviction. Petitioner thereafter filed a petition for writ of certiorari in the North Carolina Supreme Court, which motion was denied on July 8, 1998. Petitioner's conviction became final 90 days later, the date on which the time for filing a petition for writ of certiorari with the U.S. Supreme Court expired. See Clay v. United States, 537 U.S. 522 (2003). Because Petitioner did not place the habeas petition in the prison mail system until on or around July 31, 2012, the petition is clearly time-barred under 28 U.S.C. § 2244(d)(1)(A). Furthermore, the filing of Petitioner's MAR after the one-year limitations period had already run did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In Section 18 of the petition regarding timeliness, Petitioner states, "Petitioner's appellate counsel was ineffective by either not discussing his case with him or abandoning his appeal rights." (Doc. No. 1 at 13). Thus, Petitioner is essentially arguing that this Court should apply equitable tolling because Petitioner's appellate counsel did not keep Petitioner on notice of the one-year limitations period by failing to discuss Petitioner's case with him. Petitioner's appellate counsels' alleged failure to inform Petitioner of the one-year limitations period is not an "extraordinary circumstance" that justifies equitable tolling, particularly where Petitioner waited 14 years after his conviction became final to file his petition. To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not made the requisite showing that equitable tolling is appropriate.

In sum, the petition must be dismissed as untimely.

**IV.     CONCLUSION**

In sum, for the reasons stated herein, Petitioner's Section 2254 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Section 2254 motion, (Doc. No. 1), is **DENIED** and petition is

    **DISMISSED**.

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit instructed that a district court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue. Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

2.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, this Court declines to issue a certificate of

appealability as Petitioner has not made a substantial showing of a denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a

constitutional right).

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge